N THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

SYLVIA ANN HENDRIX                                                                                    PLAINTIFF

vs.                                           Civil No. 4:11-cv-04008

MICHAEL J. ASTRUE                                                                                     DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Sylvia Ann Hendrix ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Disability Insurance Benefits ("DIB") and a period of disability under Title II of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 3.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.     Background:**

Plaintiff protectively filed her disability application on November 7, 2006.  (Tr. 11, 79-86). In her application, Plaintiff alleged she was disabled due to the following: fibromyalgia and arthritis. (Tr. 104).  Specifically, Plaintiff alleged the following regarding her alleged disability: "My symptoms from fibromyalgia, fatigue and I have irritable bowel syndrome that keeps me from working.  I have

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

memory loss." *Id.* Plaintiff alleged an onset date of December 31, 1996. *Id.* This application was denied initially and again on reconsideration. (Tr. 40-41).

Thereafter, Plaintiff requested an administrative hearing on her application, and this hearing request was granted. (Tr. 53-78). An administrative hearing was held on October 23, 2008 in Texarkana, Arkansas. (Tr. 20-39). At the administrative hearing, Plaintiff was present and was represented by Charles Barnett. *Id.* Plaintiff, a witness for Plaintiff, and Vocational Expert ("VE") Dr. Vance Sales testified at this hearing. *Id.* On the date of this hearing, Plaintiff was sixty (60) years old, which is defined as a "person of advanced age" under 20 C.F.R. § 404.1563(e) (2008)[2], and had completed high school, a year and one-half of college, and LVN school. (Tr. 23).

On January 13, 2009, subsequent to this hearing, the ALJ entered an unfavorable decision on Plaintiff's application. (Tr. 11-18). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act on December 31, 1996. (Tr. 13, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") during the period from her alleged onset date of December 31, 1996 through her date last insured of December 31, 1996. (Tr. 13, Finding 2). The ALJ determined Plaintiff had the following severe impairments: fibromyalgia and irritable bowel syndrome. (Tr. 13, Finding 3). The ALJ also determined, however, that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 13, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 13-17, Finding 5). First, the ALJ found Plaintiff's subjective allegations were not supported by

---

[2] However, on her alleged onset date in 1996, Plaintiff was only forty-eight (48) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c).

2

the overall evidence and were not fully credible. *Id.* Second, the ALJ found Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform medium work, which is defined as lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds, standing and/or walking a total of 6 hrs per 8-hour day, and sitting a total of about 6 hours per 8-hour day.

(Tr. 13-14).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff's PRW included work as a LPN (skilled, medium) and hyperbaric nurse (skilled, light). (Tr. 18, Finding 6). The VE testified at the administrative hearing on this issue. (Tr. 38-39). Based upon that testimony, the ALJ determined Plaintiff retained the capacity to perform this PRW. *Id.* Because Plaintiff retained the capacity to perform her PRW, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, at any time from December 31, 1996 (her alleged onset date) through December 31, 1996 (her date last insured). (Tr. 18, Finding 17).

On January 19, 2009, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 6). *See* 20 C.F.R. § 404.968. On January 5, 2011, the Appeals Council declined to review this disability determination. (Tr. 1-3). On January 18, 2011, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on January 28, 2011. ECF No. 3. Both Parties have filed appeal briefs. ECF Nos. 6-7. This case is now ready for decision.

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g)

3

(2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly

limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.     Discussion:**

In her appeal brief, Plaintiff raises the following three arguments for reversal: (1) the ALJ's RFC determination was not supported by substantial evidence in the record; (2) the ALJ's determination regarding Plaintiff's PRW was not supported by substantial evidence in the record; and (3) the ALJ erred by not posing any hypothetical questions to the VE. ECF No. 6 at 1-8. This Court has considered Plaintiff's arguments. However, because this Court finds Plaintiff cannot establish her disability began before her disability insured status expired, this Court will only address this issue.

It is well-settled in the Eight Circuit that a claimant who becomes disabled after the expiration of his or her insured status is not entitled to DIB. *See Pyland v. Apfel,* 149 F.3d 873, 876 (8th Cir. 1998). In the present action, Plaintiff's disability insured status expired on December 31, 1996. (Tr. 13, Finding 1). Thus, Plaintiff must establish she was disabled before December 31, 1996. Plaintiff, however, has also alleged an onset date of December 31, 1996. (Tr. 11, 79). Accordingly, it appears Plaintiff has one day to establish she was disabled: December 31, 1996.

Upon review of Plaintiff's testimony at the administrative hearing in this matter, it appears Plaintiff was actually working on the day of December 31, 1996. (Tr. 25-26, 30). Because she was working on this date, her alleged onset date should have been January 1, 1997. Considering this alleged onset date of January 1, 1997, Plaintiff should be denied DIB on the basis that her insured status had expired before she became disabled. *See Pyland v. Apfel,* 149 F.3d at 876.

Further, even assuming December 31, 1996 was the correct alleged onset date, this Court has carefully reviewed the record in this case, and Plaintiff has not provided any explanation or medical documentation demonstrating that her disability began the night of December 31, 1996 after she left work. Thus, this Court finds the ALJ's decision to deny disability benefits is supported by substantial evidence in the record and should be affirmed.

**4.** **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 19th day of January, 2012.**

/s/   Barry A. Bryant  
HON. BARRY A. BRYANT  
U.S. MAGISTRATE JUDGE